UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>DONNIE WAYNE COGGINS,<br>*Defendant-Appellant.* | No. 00-4035 |

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CR-99-190)

Submitted: July 24, 2001

Decided: August 9, 2001

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Donnie Wayne Coggins pled guilty to transporting in interstate commerce materials involving sexual exploitation of minors, 18 U.S.C.A. § 2252(a)(1) (West Supp. 2000), and was sentenced to a term of seventy months imprisonment. On appeal, Coggins challenges the district court's application of a five-level enhancement for distribution of child pornography. *U.S. Sentencing Guidelines Manual* § 2G2.2(b)(2) (1998). We affirm.

Coggins sent nine pictures of children under twelve years old engaged in sexually explicit conduct to an investigator with the New York State Attorney General's Office whom he met in an Internet chat room. In return, he expected that the investigator would send him thirty similar pictures. The district court applied the five-level enhancement for an offense involving distribution of child pornography set out in the applicable guideline, USSG § 2G2.2(b)(2). Application Note 1 to § 2G2.2 states that, for purposes of § 2G2.2, "'[d]istribution' includes any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute." The district court determined that Coggins had acted for pecuniary gain when he distributed child pornography in the expectation of receiving similar materials.

Coggins argues on appeal that the district court erred in making the enhancement because "distribution," as used in § 2G2.2, requires a finding that the defendant acted with a profit motive. His argument is foreclosed by our decision in *United States v. Williams*, ___ F.3d ___, 2001 WL 672049 (4th Cir. June 15, 2001) (holding that the enhancement applies to distributions not made solely for pecuniary gain, and that trading child pornography is a transaction for pecuniary gain). Finding no ambiguity in the term "distribution" as applied in this case, we reject Coggins' contention that the rule of lenity should apply.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

*AFFIRMED*